**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES RUSSELL MILLIKEN, Jr.,<br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>*Commissioner of Social Security*,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | NO. 4:25-CV-01639<br><br><br><br>(CAMONI, M.J.) |

# MEMORANDUM OPINION

Plaintiff James Russell Milliken, Jr., brought this action under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for disability benefits under Title II of the Social Security Act. Transcript, docs. 11-3 at 2; 11-2 at 18. He challenges the Administrative Law Judge's (ALJ) assessment of a medical opinion. *See* Pl.'s Br., doc. 12 at 8. Because the ALJ's determinations are supported by substantial evidence, the Court will affirm the decision of the Commissioner.

## I. BACKGROUND

### A. Procedural History

On September 5, 2023, Milliken applied for disability benefits under Title II of the Social Security Act, alleging onset of disability

beginning April 1, 2023. Doc. 11-2 at 18. Following an initial denial, Milliken submitted an appeal, requesting a hearing before an ALJ. Doc. 11-4 at 18. The ALJ conducted the hearing and determined that Milliken was not disabled. Doc. 11-2 at 31-32.

Milliken filed a request for review of the ALJ's decision, which the Appeals Council denied. *Id.* at 2. The ALJ's decision, therefore, became the final decision of the Commissioner. 42 U.S.C. § 405(g). Pending before this Court is Milliken's action seeking judicial review of the Commissioner's decision. Complaint, doc. 1. This case is fully briefed (docs. 12, 16, 17) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Doc. 8.

**B. The Disability Determination Process**

To determine whether a claimant is disabled under the Social Security Act, an ALJ applies a "five-step sequential evaluation process." 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The ALJ assesses whether the claimant:

1. has engaged in substantial gainful activity since the onset of the alleged disability;

2. had a severe medically determinable impairment;

3. suffered from an impairment listed in the regulations as presumptively disabling;

4. could return to his past work; and

5. could perform other available work in the national economy.

*See* §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

At step four, the ALJ also determines whether the claimant's RFC allows the claimant to continue his previous employment. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. §§ 404.1545(a)(1), 416.945(a)(1). The claimant bears the burden of persuasion through step four, while at step five, the burden shifts to the Secretary to show that the claimant can perform substantial gainful employment other than the claimant's past relevant work. *Williams v. Sullivan*, 970 F.2d 1178, 1181 (3d Cir. 1992), citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

**C. Issues on Appeal**

After following the five-step sequential analysis, the ALJ determined that Milliken "has not been under a disability . . . from April 1, 2023, through the date of this decision." Doc. 11-2 at 31. The ALJ determined at the RFC stage that Milliken has the ability:

> to perform a full range of work at all exertional levels, but with the following nonexertional limitations: his work is limited to carrying out simple instructions in a work environment involving only simple, work-related decisions, with no more than occasional changes in the routine work setting; and he can interact with coworkers, supervisors, and the public on an occasional basis throughout the workday.

*Id.* at 24. The ALJ denied Milliken's disability claim at step five, after considering his "age, education, work experience, and residual functional capacity," because he found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.* at 30.

On appeal, Milliken argues that the ALJ erred by failing to properly evaluate the medical opinion of Nurse Practitioner Dylan Kilmer. Doc. 12 at 8-15. The Court, adhering to the deferential standard of review outlined below, will affirm the decision of the Commissioner.

## II. <u>LEGAL STANDARD</u>

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d

198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial

evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the ALJ's findings and decision, the Court "must find that the evidence not only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Milliken is disabled, but whether the Commissioner's finding that Milliken is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he

court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III. <u>ANALYSIS</u>

Milliken argues that the ALJ erred by failing to properly evaluate the medical opinion of Nurse Practitioner Dylan Kilmer. Doc. 12 at 8-15. After careful review, the Court finds that the ALJ's decision was supported by substantial evidence and will affirm.

Milliken argues that the ALJ erred by failing to adequately consider the consistency and supportability factors in evaluating the medical opinion of N.P. Kilmer. Doc. 12 at 8-9, 14. Milliken argues that, "In finding this opinion unpersuasive, the ALJ failed to build an accurate and logical bridge from the evidence to his conclusions." *Id.* at 11. The Court disagrees.

An administrative judge's burden of articulation is not high. When weighing medical opinions, all that an ALJ must explain are the reasons

for the decision. *Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637, 638 (3d Cir. 2024). "The ALJ may choose which medical evidence to credit and which to reject as long as there is a rational basis for the decision. *Stancavage v. Saul*, 469 F. Supp. 3d 311, 333 (M.D. Pa. 2020), citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). To satisfy the articulation requirements for supportability and consistency, "a judge need not reiterate the magic words 'support' and 'consistent' for each doctor." *Zaborowski*, 115 F.4th at 639. Instead, it is sufficient for an ALJ to "weave supportability and consistency throughout her analysis of which doctors were persuasive." *Id.* Here, the ALJ's discussion of the three medical opinions of record was sufficient.

First, after a thorough review of medical and other evidence of record, the ALJ explained that he found the opinion rendered by State Agency review psychologist Dr. Tiller had the most persuasive value, doc. 11-2 at 27-28, and the opinion of psychologist Dr. Taren to have some persuasive value, *id.* at 28. The ALJ next found that the opinion of claimant's mental health provider, N.P. Kilmer, was less persuasive because his suggested limitations were not supported by his own treatment notes and inconsistent with exam results and the other

medical opinions. *Id.* at 28-29. Such a finding does not constitute error. *See Grogan v. Comm'r of Soc. Sec.*, 459 F. App'x 132, 139 (3d Cir. 2012) (finding sufficient an ALJ's medical opinion evaluation that found a restrictive opinion inconsistent with the examiner's own treatment records); *Swank v. O'Malley*, No. 23-1244, 2024 WL 4858586, at *10 (M.D. Pa. Nov. 21, 2024) (finding no error in an ALJ's analysis of the consistency factor where the ALJ noted that a claimant's treating source's opinion was internally inconsistent and was at odds with many treatment notes).

The ALJ weaved the discussion of consistency and supportability throughout his assessment of N.P. Kilmer's opinion, as well as that of the other medical expert opinions. For example, the ALJ noted that N.P. Kilmer had apparently never conducted any formal testing of Milliken's attention and concentration that might support his opinion that Milliken would be off task for 20% of an eight-hour workday. Doc. 11-2 at 29. That opined limitation also conflicted with the results of mental status exams conducted by N.P. Kilmer that found Milliken had no problem with attention or concentration. *Id.* Additionally, the ALJ found that N.P. Kilmer's opinion was inconsistent with the more persuasive opinions of

Dr. Tiller and Dr. Taren. *Id.* "There was no need to say more than that." *Zaborowski*, 115 F.4th at 640 (finding sufficient articulation of the consistency factor where an ALJ explained how the opinion fit with other evidence of a claimant's condition and treatability). Here, the ALJ's choices of "which medical evidence to credit and which to reject" were fully articulated and "there is a rational basis for the decision." *Stancavage*, 469 F. Supp. 3d at 333. This Court is not authorized to reweigh the evidence and supplant those conclusions.

On the whole, the ALJ's decision is supported by substantial evidence, and thus the Court will affirm the decision of the Commissioner.

## IV. CONCLUSION

Accordingly, the Commissioner's decision will be **AFFIRMED**.

An appropriate order follows.

Date: September 4, 2026

s/*Sean A. Camoni*
Sean A. Camoni
United States Magistrate Judge